**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MUSLIM ADVOCATES,<br>P.O. Box 71080<br>Oakland, CA 94612<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Lane, SW<br>Washington, DC 20528<br><br>Defendant. | Civil Action No. _______________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Muslim Advocates, by and through its attorneys, complains against Defendant United States Department of Homeland Security ("DHS" or "Defendant") as follows:

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief to compel the disclosure and release of documents to Muslim Advocates ("Plaintiff" or "Requestor").

2. In a FOIA Request letter ("Request"), Requestor sought documents and information relating to the government's border searches of electronic devices in the possession of persons from the seven Muslim-majority countries covered by President Donald Trump's January 27, 2017 Executive Order, in addition to its border searches of electronic devices in the possession of persons – including U.S. citizens – whom U.S. Customs and Border Protection ("CBP") agents perceived to be Muslim. As discussed widely in news reports, these searches – which may include the physical retention of an individual's electronic devices and demand for their passwords – appear to have dramatically increased following the issuance of the Executive Order.[1]

3. Despite Requestor timely exhausting its administrative remedies, DHS has failed to comply with its obligation under FOIA to promptly make the requested documents and information available. These documents and information are critical to Requestor understanding the scope of the Executive Order and the extent to which the government implemented – and may continue to implement – its policies in a discriminatory or unconstitutional manner.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. § 1331.

[1] *See, e.g.*, Kaveh Waddell, *A Stand Against Invasive Phone Searches at the U.S. Border*, The Atlantic, Feb. 21, 2017.

5. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Muslim Advocates is a not-for-profit corporation that works to ensure the civil rights for Americans of all faiths through national legal advocacy, policy engagement, and civic education. Muslim Advocates is a "person" within the meaning of 5 U.S.C. § 551(2).

7. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession and control over the requested records.

## FACTUAL BACKGROUND

8. On January 27, 2017, President Donald Trump issued an executive order, Executive Order 13769 ("Executive Order I"), barring persons from seven Muslim-majority countries – Iran, Iraq, Libya, Somalia, Sudan, Syria, and Yemen – from entering the United States for 90 days, indefinitely blocking refugees from Syria from entering the United States, and prohibiting all refugees from entering the United States for 120 days.

9. Following the issuance of Executive Order I, numerous publications reported that CBP agents searched the electronic devices of individuals, including U.S. citizens, who were originally from the seven countries covered by Executive Order I, in addition to searching the electronic devices of others who arrived in the United States on international flights and whom CBP agents perceived to be Muslim. These publications further reported that CBP agents demanded travelers' passwords and potentially seized their electronic devices either physically or through the electronic duplication of their contents.

10. On February 2, 2017, CBP issued a guidance document entitled "Q&A for Executive Order: Protecting the Nation from Foreign Terrorist Entry into the United States," which states: "Keeping America safe and enforcing our nation's laws in an increasingly digital world

depends on [the CBP's] ability to lawfully examine all materials entering the United States." It also provides that "inspection [of international travelers arriving to the U.S.] may include electronic devices."

11. On March 6, 2017, President Donald Trump issued another executive order ("Executive Order II"), scheduled to go into effect on March 16, 2017, that replaced Executive Order I and continued to generally bar persons from six Muslim-majority countries – Iran, Libya, Somalia, Sudan, Syria, and Yemen – from entering the United States on new visas for 90 days and reinstated the prohibition on all refugees entering the United States for 120 days.[2]

12. On March 7, 2017, Requestor submitted the Request to DHS and asked that DHS refer the Request to CBP as appropriate.[3] Requestor sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(e).

13. The Request seeks the following: 1) records created on or after January 24, 2017 related to CBP's search, review, retention, and dissemination of information located on or accessed through electronic devices in the possession of individuals who are encountered by CBP at the border, functional equivalent of the border, or extended border; and 2) records created on or after February 27, 2017 that pertain to Executive Order II and are otherwise responsive to the first request.

---

[2] These provisions of Executive Order II have been preliminarily enjoined nationwide by the United States District Court for the District of Hawaii at the time of the filing of this Complaint. *State of Hawaii, et al. v. Trump, et al.*, No. 17-00050 DKW-KSC, 2017 WL 1167383 (D. Haw. Mar. 29, 2017); *see also Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 1018235 (D. Md. Mar. 16, 2017) (preliminarily enjoining section of Executive Order II imposing 90-day entry ban of persons from six Muslim-majority countries).

[3] A copy of the Request is attached as Exhibit A.

## AGENCY RESPONSES AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On March 13, 2017, in a letter sent by email, DHS acknowledged that it had received the Request on March 13, 2017 and granted Requestor's request for expedited processing.[4]

15. In the letter, DHS invoked a 10-day extension beyond the usual 20-day statutory limit to respond to the Request pursuant to 5 U.S.C. § 552(a)(6)(B).

16. With the 10-day extension, DHS was required to respond to the Request by April 24, 2017. *See* 5 U.S.C. § 552(a)(6).

17. DHS has yet to make available any records responsive to the Request.

18. Because DHS has failed to comply with the FOIA time limit provision, Requestor is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## VIOLATION OF FOIA FOR FAILURE TO PROVIDE A DETERMINATION WITHIN 30 BUSINESS DAYS

19. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 18.

20. DHS was obliged to determine whether to comply with the Request within 30 days (excepting Saturday, Sundays, and legal public holidays) – which includes the usual 20-day limit and the 10-day extension – and to immediately notify Requestor of the agency's determination and the reasons therefor.

21. Defendant's failure to determine whether to comply with the Request within 30 business days after receiving it violates FOIA, 5 U.S.C. § 552(a)(6)(A),(B), and applicable regulations promulgated thereunder.

[4] A copy of DHS's response is attached as Exhibit B.

**VIOLATION OF FOIA FOR FAILURE TO MAKE RECORDS AVAILABLE**

22. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 21.

23. Plaintiff has a right under FOIA to obtain the agency records requested on March 7, 2017, and there exists no legal basis for Defendant's failure to promptly make the requested records available to Plaintiff and the public.

24. Defendant's failure to promptly make available the records sought by the Request violates 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Muslim Advocates respectfully requests that judgment be entered against Defendant United States Department of Homeland Security and that this Court:

A. Declare that Defendant violated FOIA by failing to determine whether to comply with the Request within 30 business days and by failing to immediately thereafter notify Plaintiff of such determination and the reasons therefor;

B. Declare that Defendant violated FOIA by unlawfully withholding the requested records;

C. Order Defendant to immediately disclose the requested records to the public and make copies immediately available to Plaintiff;

D. Award Plaintiff its reasonable costs and attorneys' fees; and

E. Grant such other and further relief as the Court may deem just and proper.

Dated: May 2, 2017

Respectfully submitted,

By: /s/ Leah J. Tulin

Leah J. Tulin (D.C. Bar No. 988003)
Kelly M. Morrison (application for admission forthcoming)
Joshua M. Parker (admission pending)
Daniel F. Bousquet (admission pending)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Johnathan Smith (D.C. Bar No. 1029373)
Juvaria Khan (*pro hac vice* application forthcoming)
MUSLIM ADVOCATES
P.O. Box 71080
Oakland, CA 94612
Telephone: (415) 692-1484

Amir Ali (admission pending)
THE RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
718 7th Street NW
Washington, DC 20001
Telephone: (202) 869-3434

*Attorneys for Plaintiff Muslim Advocates*