UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MUSLIM ADVOCATES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:17-cv-00813-TSC |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## NINTH JOINT STATUS REPORT

The following events have taken place in this case since the filing on November 20, 2018, of the eighth joint status report:

1. U.S. Customs and Border Protection (CBP), a component of defendant Department of Homeland Security (DHS), took the following actions on November 30, 2018, with respect to the 1,267 pages it had processed in November 2018: produced 289 pages to plaintiff Muslim Advocates with redactions pursuant to FOIA Exemptions 6, 7(C) and/or 7(E) and withheld 978 pages in their entirety pursuant to FOIA Exemptions 6, 7(C) and/or 7(E).

2. Plaintiff and CBP discussed the proposal that CBP had made by email dated September 21, 2018, *see* ECF No. 43 at 3, during a telephone conversation that took place at plaintiff's request on December 13, 2018. Plaintiff repeated its position, *see id.* at 2-3, that the disclosure of aggregate data from the "country of birth" and "country of citizenship" data fields in the incident-level reports produced by CBP would not result in the disclosure of the identity of anyone who was the subject of any of those reports. It therefore asked CBP to reconsider its prior response, *see id.* at 3, to plaintiff's request that it produce aggregate data for multiple

periods. CBP said it had not been aware that plaintiff was seeking data from the "country of citizenship" data field as well as from the "country of birth" data field but would consider plaintiff's request and provide its response before the next joint status report is due. Undersigned counsel for CBP reiterated, *see* ECF No. 43 at 3, that any production of aggregate data by CBP would be contingent upon plaintiff's agreement to dismiss all of its claims against CBP except any claim for attorney's fees and litigation costs. Plaintiff said it understood counsel's position but that it would not necessarily be willing to dismiss any claim that might arise from any future productions that CBP might make in this case.

      3. CBP took the following actions on December 21, 2018, with respect to the 1,413 pages it had processed in December 2018: produced 328 pages with redactions pursuant to FOIA Exemptions 6, 7(C) and/or 7(E); withheld 300 pages in their entirety pursuant to FOIA Exemptions 6, 7(C) and/or 7(E); withheld 298 pages as duplicative; and determined that 487 pages were non-responsive to plaintiff's request.

      4. The appropriations act that had been funding DHS and CBP expired at the end of the day on December 21, 2018.

      5. DHS moved for a stay of all proceedings in this case on January 21, 2019, in light of the lapse in appropriations. Granting DHS' motion by minute order dated January 22, 2019, the Court stayed all proceedings in this case until appropriations had been restored; extended "all current deadlines in this case . . . commensurate with the duration of the lapse in appropriations"; and directed DHS to "file a notice advising the Court within 14 days after appropriations are restored."

6. Congress enacted the Further Additional Continuing Appropriations Act, 2019, H.J. Res. 28, on January 25, 2019.  Ending a lapse in appropriations that had lasted for 35 days, the Act restored appropriations to DHS and CBP through February 15, 2019.  *See* Act § 101(1).

7. DHS advised the Court of the restoration of appropriations by notice dated January 30, 2019.  ECF No. 47 at 1.  It further advised the Court that the extension by 35 days of "all current deadlines in this case" meant that its next production of records, which otherwise would have been due on December 31, 2018, was now due on February 4, 2019; that the ninth joint status report, which otherwise would have been due on January 22, 2019, was now due on February 26, 2019; and that CBP's next production of records, which otherwise would have been due on January 31, 2019, was now due on March 7, 2019.  *Id.* at 1-2.  DHS also advised the Court that the parties had discussed these revised deadlines by exchange of emails and that plaintiff had advised of its concurrence in the revised deadlines by email dated January 30, 2019.  *Id.* at 2.

8. CBP advised plaintiff by email of its undersigned counsel dated February 21, 2019, that it was prepared to provide plaintiff with aggregate statistics for the information contained in the "country of birth" and "country of citizenship" data fields in the incident-level reports for the periods January 27-February 12 and March 2-5, 2017, produced in this case by CBP, provided, in accordance with the discussion during the December 13 telephone conversation, that plaintiff agreed not to challenge the withholdings from any record produced by CBP on or before March 7, 2019.  Responding by email dated February 21, 2019, plaintiff said:

> Your proposal is acceptable.  We will agree not to challenge the withholdings from any record produced by CBP in this matter on or before March 7, 2019 in exchange for CBP's production (within a reasonable timeframe) of aggregate statistics contained in the "country of birth" and "country of citizenship" data fields in the incident-level reports for the periods of January 27- February 12, 2017 and March 2-5, 2017.  Please let us know when we can expect production of the aggregate statistics.

CBP advised plaintiff by email of its undersigned counsel dated February 22, 2019, that it anticipated producing the aggregate statistics on or before March 7, 2019, the due date for its next production.

9.  DHS advised plaintiff by email of its undersigned counsel dated February 21, 2019, that DHS' notice of restoration of appropriations was in error insofar as it suggested, *see* ECF No. 47 at 1, that any further productions were due in this case from DHS.  DHS referred in its email to the letter dated June 29, 2018, by which it had advised plaintiff that its Privacy Office had "completed its review of all responsive records as of the May 2018 release." ECF No. 38 at 2.

Respectfully submitted,

By:  *s/ Jonathan A. Langlinais* (by email authorization)
Jonathan A. Langlinais, DC Bar 1046832
Emily L. Chapuis, DC Bar 1017600
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, D.C.  20001
Tel: (202) 637-6380/Fax: (202) 639-6066
Email: JALanglinais@jenner.com

Amir H. Ali, DC Bar 1019681
THE RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
777 6th Street, N.W.
Washington, D.C.  20001
Tel: (202) 869-3434
Email: amir.ali@macarthurjustice.org

Sirine Shebaya, DC Bar 1019748
Juvaria Khan, DC Bar 1500471
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
Tel: (202) 897-2622/Fax: (202) 508-1007
Attorneys for Plaintiff

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

Dated: February 26, 2019

s/ *David M. Glass*
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice, Civil Division
1100 L Street, N.W., Room 12020
Washington, D.C. 20530
Tel: (202) 514-4469/Fax: (202) 616-8460
E-mail: david.glass@usdoj.gov
Attorneys for DHS and CBP

## CERTIFICATE OF SERVICE

I hereby certify I served the within report on all counsel of record by filing it with the Court by means of its ECF system on February 26, 2019.

s/ *David M. Glass*